**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 45280**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 399 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 23, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| TRAVIS SCOTT RAY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Judgment of conviction and order denying Idaho Criminal Rule 35 motion, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Travis Scott Ray reached a plea agreement with the State wherein, in part, Ray would plead guilty to possession of a controlled substance, Idaho Code § 37-2732(C)(1), and the State would recommend a five-year sentence, with two years determinate, and Ray would participate in drug court or the retained jurisdiction program. Ray entered a guilty plea to possession of a controlled substance. Ray was admitted into and participated in drug court, but was terminated shortly after he began the program. The district court imposed a unified six-year sentence, with four years determinate. Ray filed an Idaho Criminal Rule 35 motion. The State filed a response to the I.C.R. 35 motion in which it did not object to the I.C.R. 35 motion and notified the district

court that the State continued with its original recommendation of a unified five-year sentence, with two years determine. The district court denied Ray's I.C.R. 35 motion. Ray appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 596-97 (Ct. App. 1990). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Ray's I.C.R. 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, including any new information submitted with Ray's I.C.R. 35, we conclude no abuse of discretion has been shown.

Therefore, Ray's judgment of conviction and sentence, and the district court's order denying Ray's I.C.R. 35 motion, are affirmed.